UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LINDA CROSSLAND | * | |
|     PLAINTIFF | * | CIVIL ACTION NO. _____ |
| | * | |
| VERSUS | * | SECTION: _____ |
| | * | |
| HUNTINGTON INGALLS, INC. f/k/a | * | JUDGE: _____ |
| Northrop Grumman Ship Systems, Inc. f/k/a | * | |
| Avondale Industries, Inc., *et al.* | * | MAG. JUDGE: _____ |
| | * | |
|     DEFENDANTS | * | |
| | * | |
| * * * * * * * * | | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come defendants, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) ("Avondale"), Albert L. Bossier, Jr., and Lamorak Insurance Company[1] (collectively "the Avondale Interests"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notice the removal of the above-entitled action bearing No. 2020-7732 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (hereinafter, the "State Case"), to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because the Avondale Interests were, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442. The grounds for removal are as follows:

1.

Venue of the removed action is proper in this Court as it is the district court for the district

---

[1] Lamorak Insurance Company was sued as the alleged insurer of various alleged executive officers of Avondale.

where the State Case is pending, pursuant to 28 U.S.C. § 1441(a).

2.

On September 16, 2020, Plaintiff filed suit naming the Avondale Interests as defendants.[2] The Petition alleges that Plaintiff was exposed to asbestos from several sources throughout her life, namely: asbestos fibers floating from Avondale into her neighborhood, asbestos-containing concrete delivered to her home, the clothing of her father during the 1950s while he was employed at Avondale, the clothing of her husband during the 1970s while he was employed at Avondale and Carl E. Woodward, and her own employment at Avondale from 1966 "through the 1970s."[3] As a result of these alleged exposures to asbestos, the Petition claims that Plaintiff was diagnosed with mesothelioma "in or around August 2020."[4]

3.

On December 3, 2020, Plaintiff e-mailed an "informational letter" to all defendants.[5] In this letter, Plaintiff states that she worked at Avondale from 1966 through 2011.[6] At the beginning of her employment, she worked in the Purchasing Department, where she alleges that she was exposed to asbestos fibers brought into her office on a daily basis by laborers and "Frenchie" Bordelon.[7] Plaintiff's letter claims these daily exposures occurred from 1966 until she transferred to "the Rock House" in 1970.[8]

4.

During the 1966 to 1970 period outlined in her letter, approximately half the vessels under

---

[2] Exhibit A, Original Petition for Damages, ¶ 2.
[3] *Id.* at ¶ 4.
[4] *Id.* at ¶ 8.
[5] Exhibit B, December 3, 2020 Informational Letter from Matthew Clark to All Counsel of Record; Exhibit C, December 3, 2020 e-mail from Shanna Laborde to All Counsel of Record.
[6] Exhibit B, at p. 2.
[7] *Id.*
[8] *Id.*

2

construction at Avondale were built under contract with the United States Navy, United States Coast Guard, or United States Maritime Administration ("MARAD").[9] These vessels included Delta Lines vessels, Lykes Lines vessels, States Lines vessels, and LASH vessels built for MARAD, Destroyer Escorts built for the Navy, and Cutters built for the Coast Guard. Frenchie Bordelon was the Superintendent of Avondale's Insulation Department, which handled the application of pipe and block insulation on all vessels under construction during this period.[10] Mr. Bordelon described the process of insulating vessels during this period using asbestos-containing products.[11] He said this was a dusty process.[12] Mr. Bordelon specifically recalled working on Lykes Lines vessels and Delta Lines vessels.[13] Thus, Plaintiff's allegation of exposure to asbestos from the clothing of Frenchie Bordelon relates to Avondale work for the federal government. *See Bourgeois v. Huntington Ingalls Inc.*, No. CV 20-1002, 2020 WL 2488026, at *6 (E.D. La. May 14, 2020) (Ashe, J.).

5.

Plaintiff was deposed on December 11, 2020. She testified that her first position at Avondale was as a receptionist in the Purchasing Department. In this position, Plaintiff testified that Avondale workers, including Frenchie Bordelon, would come into her office with dust on their clothing. She believed she was exposed to whatever dust was on their clothing. She also testified that on two occasions she boarded ships that were under construction, which she identified as a Coast Guard Cutter and a Hospital Ship built for the U.S. Navy. While on these vessels, she recalled walking through the galley spaces as workers were putting up walls. She testified that she

---

[9] Exhibit D, Pantall Affidavit with certified Ship List.
[10] Exhibit E, September 28, 1983 Deposition of Frenchie Bordelon in *Hannon*, p. 6-9.
[11] *Id.* at 69-73.
[12] *Id.* at 137-38.
[13] *Id.* at p. 32-41.

was exposed to asbestos dust from being in the vicinity of this activity and from being aboard the vessels under construction.[14]

6.

Plaintiff's December 3, 2020 letter and her December 11, 2020 deposition testimony demonstrate that Plaintiff's alleged asbestos exposures while working at Avondale relate to asbestos-containing materials being installed aboard and around Delta Lines cargo ships, Lykes cargo ships, States Lines cargo ships, LASH cargo ships, a U.S. Navy Hospital Ship, U.S. Navy Destroyer Escorts, and U.S. Coast Guard Cutters (collectively, the "Federal Vessels"). The Lykes, Delta, LASH, and States Lines cargo ships were built by Avondale pursuant to contracts with MARAD.  The Destroyer Escorts and Coast Guard Cutters were also being built by Avondale under the detailed supervision and control of one or more officers of the United States. Plaintiff, therefore, is claiming that she was injured due to asbestos-containing products allegedly aboard ships pursuant to contracts with the MARAD, U.S. Navy, and U.S. Coast Guard.

7.

This removal is being filed within thirty days of the Plaintiff's December 11, 2020 deposition, and is, therefore, timely under 28 U.S.C. § 1446.

8.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).  To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the

---

[14] The Avondale Interests have not yet received the transcript from Plaintiff's deposition. Upon receipt, the Avondale Interests will supplement this Notice of Removal.

charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

9.

The Avondale Interests are "persons" within the meaning of 28 U.S.C. § 1442(a)(1). *E.g., Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

10.

The Avondale Interests were "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when they built the Hospital Ship, Destroyer Escorts, and Coast Guard Cutters for the United States Navy and Coast Guard because the United States government contracted with Avondale to perform a task that the federal government otherwise would itself have had to perform—namely, to build ships "used to help conduct a war" and to further other national interests. *E.g.*, *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153-54 (2007); *Savoie,* 817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy).

11.

The Avondale Interests were also acting under a federal officer within the meaning of § 1442(a)(1) when they built Lykes, Delta, LASH, and States Lines cargo ships pursuant to contracts with the MARAD because the United States government, acting through MARAD, had contracted with Avondale to perform a task that the government otherwise would itself have had to perform – to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction

of vessels for the U.S. Maritime Administration); *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

12.

If Plaintiff experienced exposure to asbestos from her work on the Federal Vessels or from the clothing of other employees on the Federal Vessels, the use of asbestos-containing materials on those vessels was required and controlled by officers of the United States.

13.

Plaintiff's claims against the Avondale Interests are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais,* 951 F.3d at 292.

14.

The use and installation of asbestos-containing materials in the construction of Federal Vessels was required by the contractual provisions and design specifications mandated by the federal government acting through MARAD, the U.S. Navy, and U.S. Coast Guard.

15.

The materials used in the construction of the Federal Vessels – including asbestos-containing materials – were the kind, type, and brand of materials specifically mandated by the Vessel Construction Contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

16.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and

other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by MARAD, the U.S. Navy, and U.S. Coast Guard.

17.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing thermal insulation and other asbestos-containing materials, as well as non-asbestos insulation materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessel. If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of contract.

18.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

19.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the commission of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

20.

The United States government also promulgated specific safety rules, regulations and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh-Healey Public Contracts Act and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which regulations set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during Federal Vessel construction. United States government safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

21.

The Avondale Interests raise two colorable federal defenses to one or more of Plaintiff's claims in this action. First, one or more of Plaintiff's claims is barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiff's negligence claims relate to the acts performed under color of federal office.

22.

The reasonably precise design specifications established by the U.S. Maritime Administration, U.S. Navy, and U.S. Coast Guard mandated the installation of asbestos and asbestos-containing products on the Federal Vessels. The Federal Vessels conformed to the specifications mandated by the U.S. Maritime Administration, U.S. Navy, and U.S. Coast Guard—

the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

23.

Second, Plaintiff's claims against the Avondale Interests are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here rendering the Avondale Interests immune from suit because the Avondale Interests performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

24.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

25.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiff, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

26.

With this Notice, the Avondale Interests are filing a "copy of all process, pleadings, and orders served upon" it in the State Case. 28 U.S.C. §§ 1446(a), (d). In addition, written notice is

being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, the Avondale Interests hereby give notice that the proceeding bearing No. 2020-7732 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law; and the Avondale Interests ask that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

*/S/ David M. Melancon*
GUS A. FRITCHIE III (#5751)
TIMOTHY F. DANIELS (#16878)
DAVID M. MELANCON (#23216)
M. SCOTT MINYARD (#31879)
DAPHNE M. LANCASTER (#34630)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2101
**Counsel for Huntington Ingalls Incorporated and Albert L. Bossier, Jr.**

-AND-

SAMUEL M. ROSAMOND, III (17122)
srosamond@twpdlaw.com
FRANCIS C. CANNONE (38155)
fcannone@twpdlaw.com
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
1515 Poydras Street - Suite 1900
New Orleans, Louisiana 70112
Phone: 504-525-9888
Fax:    504-525-9899
**Counsel for Lamorak Insurance Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 30th day of December, 2020.

*/s/ David M. Melancon*