CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2020 - 7732    SECTION: _____    DIVISION: _____

LINDA CROSSLAND

VERSUS

HUNTINGTON INGALLS, INC. *f/k/a* NORTHROP GRUMMAN SHIP SYSTEMS, INC. *f/k/a* AVONDALE INDUSTRIES, INC., *ET AL*

SECTION 1

FILED: _____    _____
                                   DEPUTY CLERK

### PETITION FOR DAMAGES

Petitioner, LINDA CROSSLAND, by and through undersigned counsel, respectfully represents as follows:

1. She is an adult domiciliary of the Parish of Jefferson, State of Louisiana, who resides in Harvey, Louisiana.

2. The following Defendants are domestic or foreign companies licensed to do, doing, or having done business in the State of Louisiana that caused injury to Petitioner, all of which are liable to Petitioner, as asserted below:

### DEFENDANTS AND THEIR INSURERS

### EMPLOYERS

A. HUNTINGTON INGALLS, INC. *f/k/a* NORTHROP GRUMMAN SHIP SYSTEMS, INC. *f/k/a* AVONDALE INDUSTRIES, INC. ("AVONDALE"), domiciled in Virginia

B. ALBERT BOSSIER, JR., as an Executive Officer of Avondale. Mr. Bossier is an adult domiciliary of Louisiana.

C. JOHN DAVID ROBERTS, as an Executive Officer of Avondale. Mr. Roberts is an adult domiciliary of Louisiana.

D. LAMORAK INSURANCE COMPANY, *f/k/a* OneBeacon America Insurance Company *f/k/a* Commercial Union Insurance Company, as the Liability Insurer of the following Avondale Executive Officers: Albert Bossier, Jr., John Chantrey, Ollie Gatlin, J. Melton Garret, Earl Spooner, C. Edwin Hartzman, John McQue, Burnette "Frenchy" Bordelon, Henry "Zac" Carter, James T. Cole, Steven Kennedy, Edward Blanchard, Hettie Margaret Dawes-Eaves, James O'Donnell, George Kelmell, Ewing Moore, John David Roberts, James M. Garrett, and Peter Territo. Lamorak Insurance Company is domiciled in Pennsylvania.

E. TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a The Aetna Casualty and Surety Company, as the Liability Insurer of the following Avondale Executive Officers: Albert Bossier, Jr., John Chantrey, Ollie Gatlin, J. Melton Garret, Earl Spooner, C. Edwin Hartzman, John McQue, Burnette "Frenchy" Bordelon, Henry "Zac" Carter,

1

EXHIBIT A

James T. Cole, Steven Kennedy, Edward Blanchard, Hettie Margaret Dawes-Eaves, James O'Donnell, George Kelmell, Ewing Moore, John David Roberts, James M. Garrett, and Peter Territo. Travelers is domiciled in Connecticut.

F. UNDERWRITERS AT LLOYD'S, LONDON, as the Liability Insurer of the following Avondale Executive Officers: Albert Bossier, Jr., John Chantrey, Ollie Gatlin, J. Melton Garret, Earl Spooner, C. Edwin Hartzman, John McQue, Burnette "Frenchy" Bordelon, Henry "Zac" Carter, James T. Cole, Steven Kennedy, Edward Blanchard, Hettie Margaret Dawes-Eaves, James O'Donnell, George Kelmell, Ewing Moore, John David Roberts, James M. Garrett, and Peter Territo. Lloyd's is domiciled in New York.

G. CARL WOODWARD LLC nka Woodward Design + Build, LLC, domiciled in Louisiana.

## PREMISES OWNERS

H. PHILLIPS 66 COMPANY (with regard to the Alliance Refinery, Belle Chasse, LA), domiciled in Delaware.

I. CHEVRON U.S.A., Inc. (with regard to the Gulf Oil / Alliance facility, Belle Chasse, LA), domiciled in Pennsylvania

J. PHARMACIA LLC fka Monsanto Company (with regard to the Monsanto plant, Luling, LA), domiciled in Delaware.

K. SHELL OIL COMPANY (with regard to the Norco, LA facility), domiciled in Delaware.

## CONTRACTOR / SUPPLIER / MANUFACTURER / PROFESSIONAL VENDOR DEFENDANTS

L. ANCO INSULATIONS, INC., domiciled in Louisiana

M. BURMASTER LAND AND DEVELOPMENT, LLC, domiciled in Louisiana

N. THE CAJUN COMPANY, domiciled in Louisiana

O. CBS CORPORATION, domiciled in Delaware

P. EAGLE, INC., domiciled in Louisiana

Q. FOSTER WHEELER LLC, domiciled in Delaware

R. GENERAL ELECTRIC COMPANY, domiciled in New York.

S. HOPEMAN BROTHERS, INC., domiciled in Virginia

T. INTERNATIONAL PAPER COMPANY, domiciled in New York

U. LIBERTY MUTUAL INSURANCE COMPANY AS INSURER OF WAYNE MANUFACTURING, domiciled in Massachusetts

V. MCCARTY CORPORATION, domiciled in Louisiana

W. TAYLOR-SEIDENBACH, INC., domiciled in Louisiana.

X. ZURICH AMERICAN INSURANCE COMPANY (successor by merger to MARYLAND CASUALTY COMPANY) as the insurer of MARQUETTE INSULATION, INC.; Zurich is domiciled in New York.

Y. EMPLOYERS INSURANCE COMPANY OF WAUSAU, domiciled in Wisconsin, as

the insurer of Reilly-Benton Company, Inc.

Z. LIBERTY MUTUAL INSURANCE COMPANY, domiciled in Massachusetts, as the insurer of Reilly-Benton Company, Inc.

AA. CENTURY INDEMNITY COMPANY ("Century"), as the successor to CCI Insurance Company, successor to Insurance Company of North America, as the insurer of Reilly-Benton Company, Inc.; Century is domiciled in Pennsylvania.

BB. PACIFIC EMPLOYERS INSURANCE COMPANY ("PEIC"), domiciled in Pennsylvania, as the insurer of Reilly-Benton Company, Inc.

3. This action is within the jurisdiction of the Court because one or more of the Defendants named in Paragraph 2 are Orleans Parish domiciliaries, including Taylor-Seidenbach, Inc. and Eagle, Inc. and Carl E. Woodward LLC. *See* La. Code Civ. Proc. Ann. art. 42 (2018). Also, Orleans Parish is a proper venue pursuant to Article 73 of the Louisiana Code of Civil Procedure because each of the Defendants listed above contributed to Petitioner's exposure to asbestos and subsequent contraction of mesothelioma; each, therefore, is solidarily liable to Petitioner with each of its Co-Defendants, including Eagle, Inc. and Taylor-Seidenbach, Inc. and Carl E. Woodward LLC. Further, this action is brought in a parish of proper venue as to the Defendants, deceased executive officers of Avondale (C. Edwin Hartzman, John McQue, Henry "Zac" Carter, Hettie Margaret Dawes-Eaves, and Ewing Moore), who at the time of their deaths were domiciled in Orleans Parish, which is a proper venue pursuant to Louisiana Code of Civil Procedure Article 42.

### BACKGROUND

4. Petitioner unknowingly breathed injurious levels of asbestos fibers from the following sources:

A. From approximately 1948 through the mid-1970's, Petitioner breathed asbestos fibers floating from Avondale Shipyards into her neighborhood.

B. During Petitioner's childhood, Burmaster Land & Development delivered asbestos-containing concrete to her home that was used for the family driveway.

C. In the 1950s, Petitioner's father brought asbestos fibers into the family home, unbeknownst to him, from his work as Avondale Shipyards employee.

D. From approximately 1966 through the 1970s, Petitioner worked throughout Avondale Shipyard's Main Yard as an Avondale Shipyards employee.

3

E. During the 1970s, Petitioner's husband brought asbestos fibers into the family home, unbeknownst to him, from his work as an Avondale Shipyard's employee at the Main, Westwego and Harvey Yards.

F. During the 1970s, Petitioner's husband brought asbestos fibers into the family home, unbeknownst to him, from his work for Carl E. Woodward at various industrial worksites identified in Paragraph 2.

5. Before and during Petitioner's exposure period, each of the Defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied or sold asbestos-containing materials ("ACM") for use at the sites described in Paragraph 4 above, where either Petitioner's husband was exposed to ACMs and then, unknowingly, brought injurious levels of asbestos dust to their family home, or the asbestos dust was present in the environment of the "Westbank."

6. When inhaled or otherwise ingested, asbestos causes irreparable and progressive damage that can manifest itself as lung cancer, pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

7. Each of the Defendants knew or should have known through, for example, industry and medical studies of the health hazards inherent in the asbestos-containing products they were selling or using. Instead of warning Petitioner or her husband of those hazards, which were unknown to them at the relevant time, Defendants ignored this information and sold or used ACMs.

8. As a direct and proximate result of having inhaled, ingested or otherwise been exposed to ACMs as described above, Petitioner contracted malignant mesothelioma, a signature asbestos disease. Petitioner's mesothelioma was diagnosed in or around August 2020.

9. Because of the latency period between exposure to asbestos and the onset of cancer, Petitioner did not know, and reasonably could not have known, that her injuries were caused by asbestos exposure until (at the earliest) less than one year prior to the filing of the instant Petition for Damages.

10. Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioner also disclaims any cause of action or

4

recovery for any injuries caused by any exposure to asbestos dust following acts or omissions of a party committed at the direction of any officer or any person acting under that officer of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office. Relative to the asbestos dust exposures from Avondale Shipyards, Petitioner alleges against Avondale and the Avondale Executive Officers **only** negligent failure to adopt adequate asbestos safety measures that would have prevented the injuries upon which this Petition is based.

11. All causative exposures to asbestos sustained by Petitioner occurred before December 1980.

## NEGLIGENCE OF ALL DEFENDANTS

12. On information and belief, the Defendants identified in Paragraph 2 were responsible to provide Petitioner with warnings concerning hazardous conditions at their sites or relating to their hazardous ACMs or generally to provide Petitioner's husband with safe premises in order to protect life, health, safety, and welfare of Petitioner, including, for example, the following responsibilities:

  A. Inspection, approval and supervision of these various premises for hazards and vices that may present a hazard to Petitioner;

  B. To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people on the premises and their families at home;

  C. To see that workers performed their duties pertaining to their work in a proper, safe and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Petitioner;

  D. To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

  E. To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

  F. To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

  G. To provide adequate warnings, safety equipment, ventilation, and breathing apparatus, where such was necessary, in order to prevent Petitioner from being harmed by exposure to asbestos in the environment in which he was required to be present;

  H. To make certain that Petitioner was provided a safe environment, free from excess asbestos dust inhalation and operations free from excess asbestos dust;

  I. To measure the levels of asbestos dust in the premises working environment;

  J. To comply with applicable state and federal regulations for exposure to asbestos, including, for example, regulations promulgated by the Walsh-Healy Act and the Occupational Safety and Health Act;

5

K. To warn Petitioner of the dangers posed by the polluted atmosphere in which he was required to work including, but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos..

13. Not only did Defendants have the duties and responsibilities set forth in the immediately preceding Paragraph, but they also negligently failed to meet those duties and assumed other duties in the manner asserted in the following paragraphs.

14. Upon information and belief, Defendants knew of the dusty atmospheres in which Petitioner's husband was required to enter and work, which was damaging and dangerous to Petitioner. Each knew, or should have known, of the dangers to Petitioner's health posed by working in an atmosphere polluted with asbestos dust without proper protection or warnings. Petitioner alleges that Defendants knew or should have known that respiratory illness, such as the cancer suffered by Petitioner, could have been avoided by the use of adequate ventilation, warnings, packaging and safety equipment.

15. The negligence of Defendants was a substantial contributing factor in causing damages to Petitioner.

## STRICT LIABILITY OF EMPLOYER, PREMISES OWNER AND CONTRACTOR DEFENDANTS

16. Petitioner alleges a claim for strict liability against these EMPLOYER, PREMISES OWNER and CONTRACTOR DEFENDANTS because they failed to provide a safe place in which to work, free from the hazards of asbestos, which failure was a proximate cause of her injuries.

17. The premises from which Petitioner was exposed to asbestos were owned by or in the custody of these EMPLOYER, PREMISES OWNER and CONTRACTOR DEFENDANTS and were unreasonably dangerous due to the presence and use of ACMs without adequate precautions taken to minimize the risk of exposure and without adequate warning of that risk. These unreasonably dangerous conditions were a direct and proximate cause of Petitioner's injuries.

18. The ACMs that contributed to Petitioner's asbestos dust exposure were all within the care, custody, and control of these EMPLOYER, PREMISES OWNER and CONTRACTOR DEFENDANTS.

19. These EMPLOYER, PREMISES OWNER and CONTRACTOR DEFENDANTS failed to properly discharge their duties to Petitioner in the following particulars:

A. failure to provide a safe place to work;

B. failure to provide adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, and air monitoring; and

C. failure to inform or warn of the hazards of asbestos exposure.

D. failed to provide safety equipment;

E. negligently failed to disclose, warn or reveal critical medical and safety information regarding asbestos hazards in general and with regard to those specific hazards at the work site;

F. failed to timely remove asbestos hazards from the work place;

G. failed to properly supervise or monitor the work areas for compliance with safety regulations; and

H. failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air.

20. These specific acts of fault were a proximate cause of Petitioner's injuries.

### STRICT LIABILITY OF ACM SUPPLIER / MANUFACTURER / PROFESSIONAL VENDOR DEFENDANTS

21. These Defendants were engaged in or materially participated in the business of manufacturing, or assisted in the manufacturing, or facilitating the manufacturing of ACMs, or representing themselves as manufacturers of ACMs, or are professional vendors of ACMs, which were expected to and did reach the Petitioner.

22. The products manufactured, distributed, supplied, sold or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous *per se* to the Petitioner, who was an intended and foreseeable bystander that was exposed to these products. These defects include, without limitation, the following:

A. the manufacture, sale, supply and use of products that are unreasonably dangerous, or unreasonably dangerous *per se*;

B. manufacture, sale, supply and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to those who would be foreseeably exposed to them;

C. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

7

D. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E. failure to inspect their products to assure sufficiency and adequacy of warnings and safety cautions;

F. failure to test or adequately test their products for defects or hazards that they could present to the intended or foreseeable users and bystanders;

G. failure to truthfully report or adequately report the results of product testing, and medical studies associated with foreseeable hazards of these products by intended or foreseeable users and bystanders;

H. failure to properly design these products where the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

I. defects in the composition and construction of these products;

J. failure to recall these products manufactured, sold and supplied;

K. failure to properly package these products so that they could be safely transported, handled, stored or disposed of; and

L. over-warranting the safety of these products.

## INSURANCE COVERAGE

23. The following Defendants are insurance companies authorized to do and/or doing business in Louisiana and subject to the jurisdiction of this Honorable Court. These Defendants, on information and belief, at all times pertinent herein, were the liability insurers of the subject entities, and as such, are directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes:

i. LAMORAK INSURANCE COMPANY, *f/k/a* OneBeacon America Insurance Company *f/k/a* Commercial Union Insurance Company, as the Liability Insurer of the aforementioned Avondale Executive Officers

ii. TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a The Aetna Casualty and Surety Company, as the Liability Insurer of the aforementioned Avondale Executive Officers

iii. UNDERWRITERS AT LLOYD'S, LONDON, as the Liability Insurer of the aforementioned Avondale Executive Officers

iv. LIBERTY MUTUAL INSURANCE COMPANY, as the Insurer of Wayne Manufacturing

v. ZURICH AMERICAN INSURANCE COMPANY, as the insurer of Marquette Insulation, Inc

vi. EMPLOYERS INSURANCE COMPANY OF WAUSAU, as the insurer of Reilly-Benton Company, Inc.

8

      vii.    LIBERTY MUTUAL INSURANCE COMPANY, as the insurer of Reilly-Benton Company, Inc.

      viii.   CENTURY INDEMNITY COMPANY, as the insurer of Reilly-Benton Company, Inc.

      ix.    PACIFIC EMPLOYERS INSURANCE COMPANY, as the insurer of Reilly-Benton Company, Inc.

25.    The Insurer Defendants, on information and belief, had in full force and effect insurance policies for the Defendants as identified above, against the causes of action asserted here and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, the Insurer Defendants are directly liable to Petitioner under the provisions of the Louisiana Revised Statutes, Title 22, Section 655.

## DAMAGES

26.    All of the allegations of the above paragraphs are incorporated by reference herein.

27.    By reason of the Defendants' concurrent and indivisible fault resulting in their solidary liability, as described above, and because of the injuries to the Petitioner, she is entitled to recover for her damages as follows:

      A. Past, present, and future physical pain and suffering;

      B. Past, present, and future mental anguish;

      C. Fear of future cancers;

      D. Past, present, and future medical expenses and rehabilitation;

      E. Past, present, and future disability;

      F. Past, present, and future loss of income;

      G. Loss of enjoyment and quality of life; and

      H. Any other losses, costs and interest that are established at the trial or that Petitioner is legally entitled to in this matter.

WHEREFORE, Petitioner prays that all Defendants named in this Petition for Damages be cited to appear and answer as the law directs, and that, after due proceedings are had, Petitioner recover of and from the Defendants individually, jointly and *in solido* for her damages as alleged, in an amount which the evidence may show proper at the time of trial, together with costs, and legal interest from the date of judicial demand until paid, and for such other and further relief, special and general, as law and equity may permit.

RESPECTFULLY SUBMITTED,

**LANDRY & SWARR, LLC**

MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
PHILIP HOFFMAN, Bar No. 32277
MATTHEW CLARK, Bar No. 31102
JEFFERSON B. GOLDMAN, Bar No. 30523
1100 Poydras Street
Energy Centre – Suite 2000
New Orleans, LA 70163
Telephone: (504) 299-1214
Facsimile: (504) 299-1215

**COUNSEL FOR PETITIONER**

**PLEASE SERVE THE FOLLOWING WITH THE PETITION FOR DAMAGES:**

1. HUNTINGTON INGALLS, INC.
   Through its registered agent: CT Corporation System
   3867 Plaza Tower Drive, Second Floor
   Baton Rouge, LA 70808

2. ALBERT BOSSIER, JR., as an Executive Officer of Avondale
   Through his agent for service of process: Brian Bossier
   3421 North Causeway Blvd, Suite 900
   Metairie, LA 70002

3. JOHN DAVID ROBERTS, as an Executive Officer of Avondale
   Through his designated agent for service: R. Dean Church
   DEAN CHURCH LAW, LLC
   14236 Highway 90
   Boutte, Louisiana 70039

4. LAMORAK INSURANCE COMPANY, as the Liability Insurer of Avondale Executive Officers
   Through Agent: Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

5. TRAVELERS CASUALTY AND SURETY COMPANY, as the Liability Insurer of Avondale Executive Officers
   Through Agent: Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

6. UNDERWRITERS AT LLOYD'S, LONDON, as the Liability Insurer of Avondale Executive Officers
   Through Agent: Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

7. CARL WOODWARD LLC nka Woodward Design + Build, LLC
   Through Registered Agent: Paul H. Flower or Corey S. Lloyd
   1000 South Jefferson Davis Parkway
   New Orleans, LA 70125

8. PHILLIPS 66 COMPANY
   Through Registered Agent: Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802-6129

9. CHEVRON U.S.A., Inc.
   Through Registered Agent: Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802-6129

10. PHARMACIA LLC
    Through its registered agent: CT Corporation System
    3867 Plaza Tower Drive, Second Floor
    Baton Rouge, LA 70816

11. SHELL OIL COMPANY
    Through its registered agent: CT Corporation System
    3867 Plaza Tower Drive, Second Floor
    Baton Rouge, LA 70816

12. ANCO INSULATIONS, INC.
    Through Agent: CT Corporation System
    3867 Plaza Tower Drive, Second Floor
    Baton Rouge, LA 70816

13. BURMASTER LAND AND DEVELOPMENT, LLC
    Through It's Registered Agent: A.J. Burmaster
    7033 Edgewater Dr.
    Mandeville, LA 70471

14. THE CAJUN COMPANY
    Through Its Registered Agent, James L. Pate
    1001 W. Pinhook Road, Suite 200
    Lafayette, LA 70503

15. CBS CORPORATION
    **Via the Louisiana Long Arm Statute**
    Through Its Registered Agent: Corporation Service Company
    251 Little Falls Drive
    Wilmington, DE 19808

16. EAGLE, INC.
    Through Registered Agent: Susan B. Kohn
    1100 Poydras Street, Suite 2900 or 30th Floor
    New Orleans, LA 70163

17. FOSTER WHEELER LLC
    Through It's Registered Agent: United Agent Group, Inc.
    1070-B West Causeway Approach
    Mandeville, LA 70471

18. GENERAL ELECTRIC COMPANY
    Through Agent: CT Corporation System
    3867 Plaza Tower Drive, Second Floor
    Baton Rouge, LA 70816

11

19. HOPEMAN BROTHERS, INC.
    **Via Louisiana Long Arm Statute**
    Through Registered Agent, CT Corporation System
    4701 Cox Road, Suite 285
    Glen Allen, VA 23060

20. INTERNATIONAL PAPER COMPANY
    Through Registered Agent: CT Corporation System
    3867 Plaza Tower Drive, Second Floor
    Baton Rouge, LA 70808

21. LIBERTY MUTUAL INSURANCE COMPANY, as Insurer of Wayne Manufacturing
    Through Agent: Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, Louisiana 70809

22. MCCARTY CORPORATION
    Through It's Registered Agent: Paul H. Spaht
    4232 Bluebonnet Blvd.
    Baton Rouge, LA 70809

23. TAYLOR-SEIDENBACH, INC.
    Through Agent: Robert I. Shepard
    731 South Scott Street
    New Orleans, Louisiana 70119

24. ZURICH AMERICAN INSURANCE COMPANY, as the insurer of Marquette Insulation, Inc.
    Through Agent: Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, Louisiana 70809

25. EMPLOYERS INSURANCE COMPANY OF WAUSAU, as the insurer of Reilly-Benton Company, Inc.
    Through Agent: Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, Louisiana 70809

26. LIBERTY MUTUAL INSURANCE COMPANY, as the insurer of Reilly-Benton Company, Inc.
    Through Agent: Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, Louisiana 70809

27. CENTURY INDEMNITY COMPANY, as the insurer of Reilly-Benton Company, Inc.
    Through Agent: Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, Louisiana 70809

28. PACIFIC EMPLOYERS INSURANCE COMPANY, as the insurer of Reilly-Benton Company, Inc.
    Through Agent: Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, Louisiana 70809