UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA CROSSLAND | CIVIL ACTION |
| VERSUS | NO. 20-3470 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is plaintiff Linda Crossland's motion to remand.[1] Defendants Huntington Ingalls Incorporated, Albert L. Bossier, Jr., and Lamorak Insurance Company ("Avondale") oppose the motion.[2] Defendant Hopeman Brothers, Inc. also opposes the motion.[3] Because the Court finds that Avondale timely removed to federal court, the Court denies plaintiff's motion.

## I.   BACKGROUND

This case arises from plaintiff's alleged exposure to asbestos. Plaintiff alleges that she breathed asbestos fibers floating from Avondale Shipyards

---

[1]   R. Doc. 7.
[2]   R. Doc. 12.
[3]   R. Doc. 13.

into her neighborhood, that her father and husband worked at Avondale and unknowingly brought asbestos into the family home, and that she worked at Avondale's "Main Yard" from 1966 through the 1970s.[4] Plaintiff filed suit in the Civil District Court for the Parish of Orleans on September 16, 2020.[5] Plaintiff was deposed on December 11, 2020,[6] and Avondale removed to this Court on December 20, 2020.[7]

## II. LEGAL STANDARD

The Federal Officer Removal Statute authorizes removal of a suit by the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1). The party asserting jurisdiction under this statute bears the burden of establishing that federal jurisdiction exists. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). To remove an action under § 1442(a), a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning

---

[4] R. Doc. 1-2 at 3-4, ¶ 4.
[5] *Id.* at 1.
[6] R. Doc. 12-1 at 1.
[7] R. Doc. 1.

2

of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

## III. DISCUSSION

Plaintiff does not contest that the requirements of the Federal Officer Removal Statute are met.[8] Rather, plaintiff contests only the timeliness of removal.[9] Generally, a defendant has thirty days from service to remove a matter to federal court. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."). But the statute creates an exception when a case "by the initial pleading is not removable." *See* 28 U.S.C. § 1446(b)(3). In those cases, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become

---

[8] *See* R. Doc. 7.
[9] *Id.*

removable." *Id.* Put another way, a defendant may remove to federal court thirty days after the "receipt" of an "order or other paper" that indicates, for the first time, that the matter is removable.

## A.   Initial Pleading

Plaintiff argues that this action was removable based on the initial state-court petition because of Avondale's knowledge and experience in litigating asbestos cases and its knowledge of plaintiff's work history.[10] Defendants contend that the initial pleading was not removable because the federal officer defense was not apparent on the face of the petition.[11] In *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992), the Fifth Circuit set a "bright line rule," holding that the thirty-day removal clock begins to run only if the initial pleading "affirmatively reveals on its face" that the case is removable. In *Chapman*, the court noted that the purpose of this rule is to "promote[] certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id.* Although *Chapman* involved whether the amount-in-controversy requirement was met for the purposes of diversity jurisdiction, the Fifth Circuit applied this same rule when a party removed based on

---

10   R. Doc. 7-1 at 4.
11   R. Doc. 12 at 2-4.

federal question jurisdiction. *See Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) ("[T]he removal clock began to run . . . only when the defendants received a pleading that revealed on its face that [plaintiff] was asserting a cause of action based on federal law."). Further, a court in the Eastern District of Louisiana, addressing a nearly identical situation to the one presented here, found that *Chapman*'s rule applies in cases involving federal officer removal. *Waguespack v. Avondale Indus., Inc.*, No. 20-1986, 2020 WL 5250340, at *3 (E.D. La. Sept. 3, 2020) ("[T]he Court is persuaded that in the context of federal officer removal the initial pleading triggers the start of the 30-day removal clock only when it affirmatively reveals on its face the allegations that support removal."). The Court finds that the *Chapman* rule applies here.

    Plaintiff's argument goes to Avondale's subjective knowledge of the cause of plaintiff's exposures, and their relation to federal vessels under construction at Avondale.[12] But under *Chapman*, whether Avondale had subjective knowledge of the federal connection to the exposures is not the test. 969 F.2d at 163. Instead, for the petition to be removable, the allegations in it must facially support removal. *Id.* On its face, the pleading contains no reference to federal vessels at Avondale, or other allegations that

---

[12] R. Doc. 7-1 at 4.

5

support removal. Indeed, plaintiff expressly disclaimed all causes of actions for asbestos exposures that occurred in a "federal enclave," or at the direction of an officer or any person acting under an officer of the United States.[13] *Cf. Uzee v. Huntington Ingalls Inc.*, No. 18-6856, 2018 WL 4579827, at *2 (E.D. La. Sept. 25, 2018) ("To say that a petition expressly disclaiming removable claims 'affirmatively reveals on its face' that the case is removable defies reason."). The Court finds that the initial state-court petition did not affirmatively reveal on its face that the action was removable. Consequently, the 30-day removal clock did not begin to run on the date Avondale received the state-court petition.

### B. Other Papers

Instead, defendants had 30 days to remove from the time they received "an amended pleading, motion, order or other paper from which" removability could be ascertained. 28 U.S.C. § 1446(b). Information supporting removal under § 1446(b)(3) must be "unequivocally clear and certain" to start the removal clock. *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608-09 (5th Cir. 2018) (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002)). Similar to removal based on the initial pleading, the defendant's subjective knowledge is not enough to render a case

---

[13] R. Doc. 1-2 at 4-5, ¶ 10.

removable. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

Plaintiff contends that Avondale could have ascertained the removability of this matter based on employment records she provided to defendants on September 18, 2020.[14] Those records consist of a single page with plaintiff's name, her "clock no.," an address, a phone number, the foreman, and the date, title, and rate of plaintiff's compensation.[15] The document contains no "unequivocally clear and certain" indication that plaintiff worked on federal vessels, or that her alleged asbestos exposures were otherwise related to the federal vessels at Avondale. The Court finds that removability could not be ascertained from the employment records, and defendant's receipt of them did not start the 30-day removal clock.

The first unequivocally clear and certain indication that plaintiff's exposures occurred aboard or were related to work on federal vessels at Avondale was during plaintiff's deposition, taken December 11, 2020.[16] At her deposition, plaintiff stated that she had boarded two federal ships while they were under construction, and that she breathed "dust" created by

---

[14]   R. Doc. 7-1 at 2, 4.
[15]   R. Doc. 7-5 at 2.
[16]   R. Doc. 12-1.

7

workers who were working on the walls of those ships.[17] The deposition transcript constitutes "other paper" containing an "unequivocally clear and certain" statement showing that this case was removable under the Federal Officer Removal Statute. *See Morgan*, 879 F.3d at 612 (holding that § 1443(b)(3)'s 30-day "removal clock begins ticking upon receipt of the deposition transcript"). Because Avondale removed to this Court on December 30, 2020, the Court finds that its removal was timely. The Court must deny plaintiff's motion.

## IV. CONCLUSION

Accordingly, plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, this __2nd__ day of March, 2021.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[17] R. Doc. 12-1 at 6, 12-13.

8