UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA CROSSLAND | CIVIL ACTION |
| VERSUS | NO. 20-3470 |
| HUNTINGTON INGALLS, INC., ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is defendant Lamorak Insurance Company's motion to stay these proceedings.[1]  Plaintiff opposes the motion to stay.[2]  For the following reasons, the Court grants the motion to stay, staying and administratively closing this case until September 12, 2021.

## I.   BACKGROUND

Lamorak raises three grounds upon which, it argues, a stay should be granted.  First, Lamorak contends that, on March 11, 2021, a Pennsylvania state court declared Bedivere Insurance Company ("Bedivere")—an entity that includes Lamorak by merger—insolvent and placed Bedivere in

---

[1]      R. Doc. 58.
[2]      R. Doc. 68.

liquidation.[3]  The Pennsylvania order stays all proceedings against Lamorak, and Lamorak asserts that comity principles require the Court to enforce that stay.[4]  Second, Lamorak asserts that the Court is bound by Louisiana Revised Statute § 22:2068(A).  Lamorak asserts that the Louisiana statute requires a six-month stay of claims from the date of insolvency against Lamorak and any insureds for which Lamorak was providing a defense.[5]  Third, Lamorak invokes the Court's inherent authority to manage its docket and asserts that a stay of all proceedings is justified to manage this litigation efficiently.[6] Lamorak ultimately asks the Court to stay all discovery and pre-trial activity until September 12, 2021.[7]  The Court considers the motion below.

## II.    DISCUSSION

It is well-established in the Fifth Circuit that "[f]ederal law consigns to the states the primary responsibility for regulating the insurance industry." *Clark v. Fitzgibbons*, 105 F.3d 1049, 1051 (5th Cir. 1997); *see also Munich Am. Reinsurance Co. v. Crawford*, 141 F.3d 585, 590 (5th Cir. 1998) (observing that Congress has consigned "to the States broad and primary

---

[3]    R. Doc. 58-2 at 1-2.

[4]    *Id.*

[5]    *Id.* at 2-7.

[6]    *Id.* at 7.

[7]    *Id.* at 7-8.

responsibility for regulating the insurance industry"). The Court considers

Lamorak's motion in light of this principle.

## A.    The Pennsylvania Order

The Court first considers whether the Pennsylvania court's stay order,

which stays proceedings against Lamorak alone, should be enforced by this

Court. In relevant part, the Pennsylvania order provides:

> 13.  Unless the Liquidator consents thereto in writing, no action
> at law or in equity, including, but not limited to, an arbitration or
> mediation, the filing of any judgment, attachment, garnishment,
> lien or levy of execution process against Bedivere or its assets,
> shall be brought against Bedivere or the Liquidator or against
> any of their employees, officers or liquation officers for acts or
> omissions in their capacity as employees, officers or liquidation
> officers of Bedivere or the Liquidator, whether in this
> Commonwealth or elsewhere, nor shall any such existing action
> be maintained or further prosecuted after the effective date of
> this Order. All above-enumerated actions currently pending
> against Bedivere in the courts of the Commonwealth of
> Pennsylvania or elsewhere are hereby stayed; relief sought in
> these actions shall be pursued by filing a proof of claim against
> the estate of Bedivere pursuant to Section 538 of Article V, 40
> P.S. § 221.38.[8]

The Fifth Circuit's decision in *Anshutz v. J. Ray McDermott Co., Inc.*, 642

F.2d 94 (5th Cir. Unit A Mar. 1981), is instructive. There, the Fifth Circuit

considered whether it should stay an appeal in light of a state-court order

that placed the insurer-defendant in liquidation. *Id.* at 95. The *Anshutz*

---

[8]    R. Doc. 58-3 at 7.

court stayed the appeal, noting that "[r]ecognition by this Court of the effectuation of the liquidation of this insurance company by the State of Illinois is in accordance with the federal policy which directs that the control over the insurance business remain[s] in the hands of the states." *Id.* The *Anshutz* court went on to note that "[a]n orderly liquidation requires that this Court not interfere with the order of the Circuit Court of Cook County." *Id.* In light of *Anshutz*, the Court finds that it must stay proceedings against Lamorak. *See also Olin Corp. v. Lamorak Ins.*, 2021 WL 982426, at *4 (S.D.N.Y. Mar. 15, 2021) (Rakoff, J.) (holding that the Pennsylvania court order required the Court to stay proceedings against Lamorak).

### B.    The Louisiana Statute

Lamorak also invokes the Louisiana Insurance Guaranty Association Law ("LIGAL"), La. Rev. Stat. § 22:2051, *et seq.* LIGAL creates LIGA, which it defines as "a private nonprofit unincorporated legal entity" that must perform certain duties under the LIGAL. La. Rev. Stat. § 22:2056. For example, the LIGAL provides that LIGA "shall . . . [b]e obliged to pay covered claims . . . existing prior to the determination of the insurer's insolvency . . . ." La. Rev. Stat. § 22:2058. "In the event that a member-carrier became insolvent, it was envisioned that LIGA would assume all the benefits and obligations of the direct insurance policies underwritten by the

4

defunct carrier." *Sifers v. Gen. Marine Catering Co.*, 892 F.2d 386, 388 (5th Cir. 1990) (applying Louisiana law); *see also Morris v. E. Baton Rouge Par. Sch. Bd.*, 826 So. 2d 46, 51 (La. App. 1 Cir. 2002) ("Under the provisions of [LIGAL], when a claim is made against an insolvent insurer, LIGA steps into the shoes of the insolvent insurer.").

Lamorak asserts that the Court must enforce a stay under the following provision of the LIGAL:

> All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action.

La. Rev. Stat. § 22:2068(A). Lamorak contends that, because Lamorak is an insolvent insurer within the meaning of the statute, the automatic stay is required. In addition, Lamorak contends that the automatic stay provision requires a stay not only of plaintiff's claims against Lamorak, but also against the entities Lamorak is obligated to defend.[9] Lamorak represents that, before its insolvency, it was providing a defense to Albert Bossier, J.D. Roberts, HII, Cajun Company, Eagle, Inc., and McCarty Corporation.[10]

---

[9]    R. Doc. R. Doc. 58-2 at 2.
[10]    *Id.*

"The intent of [Section 22:2068(A) is] to give Louisiana Insurance Guaranty Association an adequate opportunity to review claims against the failed insurance company and enter a timely defense . . . ." *Webb v. Blaylock*, 590 So. 2d 643, 645 (La. App. 3 Cir. 1991), *writ denied*, 591 So. 2d 700 (La. 1992). Here, plaintiff's complaint contains distinct factual allegations against Lamorak's insureds, which include the Avondale Interests.[11] For example, plaintiff alleges that she was exposed to asbestos fibers floating from Avondale Shipyards into her neighborhood from approximately 1948 through the mid-1970s, that her father unknowingly brought asbestos fibers into the family while working at Avondale Shipyards in the 1950s, that plaintiff worked at Avondale Shipyards from 1966 through the 1970s, and that her husband brought asbestos fibers into the family home from working at Avondale Shipyards in the 1970s.[12] A stay would afford time for LIGA— which now stands in Lamorak's shoes by operation of law—to investigate plaintiffs' theories of recovery. *See Morris*, 826 So. 2d at 51.

Nonetheless, the Court need not resolve whether it is bound by the stay provision in Section 22:2068(A). As explained below, the Court invokes its inherent power to stay a proceeding to order a brief stay of this case.

---

[11]     R. Doc. 1-2 at 3 ¶ 4.A, C, D, E, and F.
[12]     *Id.*

6

## C.    Discretionary Authority

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  This inherent authority extends to granting a stay in an appropriate proceeding. *See, e.g.*, *Landis*, 299 U.S. at 254; *Complaint of Hornbeck Offshore (1983) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993); *United States v. FEDCON Joint Venture*, No. 16-13022, 2017 WL 897852, at *1 (E.D. La. Mar. 7, 2017); *Suzlon Infrastructure, Ltd. v. Pulk*, No. 09-2206, 2010 WL 3540951, at *4 (S.D. Tex. Sept. 20, 2010).  Although the Court has discretion to grant a stay, that discretion "is not unbounded." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).  "[S]tay orders will be reversed when they are found to be immoderate or of an indefinite duration." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (collecting cases).  "Generally, the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization, and a court should tailor its stay so as not to prejudice other litigants unduly." *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985).

The U.S. Supreme Court's decision in *Landis* governs the Court's analysis in terms of the factors it must consider in deciding whether to grant a discretionary stay.  *See, e.g., Ha Thi Le v. Lease Fin. Grp., LLC*, No. 16-14867, 2017 WL 2915488, at *6 (E.D. La. May 9, 2017) (citing *Landis* in determining whether to grant a discretionary stay); *FEDCON Joint Venture*, 2017 WL 897852, at *1 (same); *Harch Hyperbarics, Inc. v. Martinucci*, No. 09-7467, 2011 WL 2119077, at *6 (E.D. La. May 26, 2011) (same).  Under *Landis*, the Court "must weigh competing interests and maintain an even balance" when considering whether to grant a stay.  *Landis*, 299 U.S. at 254-55.  Courts consider the following factors in applying *Landis*: "(1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy."  *Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014); *see also Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 81889, at *2 (E.D. La. Mar. 5, 2013) (considering these three factors); *Collins v. Angiodynamics, Inc.*, No. 13-5431, 2013 WL 5781708, at *2 (E.D. La. Oct. 15, 2013) (same).

The Court finds that the considerations here weigh in favor of a six-month stay.  As to the first factor—the hardship imposed on the moving party—the Court has already found that because Lamorak, the moving party,

was declared insolvent in liquidation proceedings, a stay is required so as not to interfere with its orderly liquidation.  Further, absent a stay, LIGA would not have sufficient time to investigate the claims against Lamorak, now that LIGA stands in Lamorak's shoes as to those claims.  In addition, Lamorak was providing a defense to the Albert Bossier, J.D. Roberts, HII, Cajun Company, Eagle, Inc., and McCarty Corporation before Lamorak's insolvency.[13]  The Court takes into account the hardships these litigants and LIGA would experience were litigation to proceed before LIGA had the opportunity to prepare a defense.  *See Landis*, 299 U.S. at 254 (noting that courts should weigh the interests of litigants other than the movant).  The Court finds that the first factor weighs in favor of a stay.

As to the second factor—prejudice to the non-moving party—the Court considers plaintiff's argument that a stay in this matter would delay adjudication of her claims.  Although plaintiff does not style her argument in terms of her suffering legal prejudice to her claims,[14] the Court considers plaintiff's interest in proceeding to trial as a "competing interest[]" under the

---

[13]     R. Doc. 58-2 at 2.

[14]     R. Doc. 68 at 4.  Plaintiff does not specifically argue that he will be "prejudiced" by the stay.  *Prejudice*, *Black's Law Dictionary* (11th ed. 2019) (defining "prejudice" as "[d]amage or detriment to one's legal rights or claims").  This is especially the case given that the Court has found that it is not bound by Louisiana Code of Civil Procedure Article 1573.

*Landis* balancing test. *Landis*, 299 U.S. at 254-55. The Court finds that the second factor weighs against granting the stay.

As to the third factor, the Court considers judicial economy. This case involves Crossland's alleged former employer, several alleged manufacturers of asbestos-containing materials, insurers, and other corporate entities.[15] The Court is required, at a minimum, to stay plaintiff's claims against Lamorak under the Pennsylvania state court's order. Lamorak was providing a defense to Albert Bossier, J.D. Roberts, HII, Cajun Company, Eagle, Inc., and McCarty Corporation.[16] Were the Court to stay proceedings against only Lamorak, and not plaintiff's claims against other parties, the Court finds that litigation would proceed in a haphazard and inefficient manner. The Court finds that the third factor weighs in favor of granting the stay.

Taking the above factors into account, the Court finds that a brief, six-month administrative stay of the entire case, from the date of the Pennsylvania state court's liquidation order—roughly two months from the date of this Order—is necessary to ensure that litigation proceeds in an efficient and orderly fashion.

---

[15]    R. Doc. 1 at 1-3 ¶ 2.
[16]    R. Doc. 58-2 at 2.

### III.  CONCLUSION

Accordingly, the Court GRANTS Lamorak's motion.  This matter is STAYED and ADMINISTRATIVELY CLOSED until September 12, 2021.

New Orleans, Louisiana, this ___29th___ day of July, 2021.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

11