UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA CROSSLAND | CIVIL ACTION |
| VERSUS | NO. 20-3470 |
| HUNTINGTON INGALLS, INC., ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is defendant The Cajun Company's ("Cajun") motion for summary judgment.[1]  Plaintiff Linda Crossland does not oppose the motion.  Because no material facts remain in dispute, the Court grants the motion.

## I.    BACKGROUND

This case arises from plaintiff's alleged exposure to asbestos.  Plaintiff filed suit in the Civil District Court for the Parish of Orleans on September 16, 2020.[2]  Plaintiff's petition for damages named several defendants under the category of  "Contractor/supplier/manufacturer/professional vendor

---

[1]     R. Doc. 124.
[2]     R. Doc. 1-2 at 1.

defendants," including Cajun.[3]   The case was removed to this Court on December 20, 2020.[4]

On March 26, 2021, defendant Cajun filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Louisiana.[5]   In its petition, Cajun named plaintiff, Linda Crossland, as an unsecured creditor, with a contingent, unliquidated, and disputed claim.[6]   This petition was mailed to plaintiff's attorneys.[7]

On March 30, 2021, defendant filed a "Notice of Suggestion of Bankruptcy" in this Court, thereby staying further action against Cajun.[8]   In an order dated April 28, 2021, the bankruptcy court set a bar date of June 7, 2021.[9]   In that same order, the bankruptcy court explicitly stated that any proof of claims not received by June 7 "shall not be allowed and shall be barred and the Debtor shall be forever discharged from any liability as to any

---

[3]     R. Doc. 124-4 at 1 (Exhibit C).
[4]     R. Doc. 1.
[55]    R. Doc. 124-2 (Exhibit A).
[6]     *Id.* at 7.
[7]     *Id.* at 12.
[8]     R. Doc. 124-5 (Exhibit D).
[9]     R. Doc. 124-6 (Exhibit E).

such claim, PROVIDED that a copy of this Order and Notice is mailed[10] to each scheduled creditor by the Debtor's attorney."[11]

Although plaintiff received notice of the bankruptcy proceeding[12] and bar date,[13] she did not file a timely proof of claim in the bankruptcy proceeding.[14]   On October 7, 2021, the bankruptcy court entered an order confirming Cajun's Chapter 11 reorganization plan.[15]   The plan, as confirmed by the bankruptcy court, discharged any of defendant's pre-reorganization-plan debt unless otherwise provided for in the order.[16]   Based on the bankruptcy court's order, Cajun now moves for the dismissal of plaintiff's claims against it, contending that, because plaintiff failed to timely file a proof of claims, her claims against Cajun have been discharged in bankruptcy.

---

[10]   In the final order approving the reorganization plan, the bankruptcy court concluded that, in light of its order authorizing electronic notice, "notice of the claims bar date was properly given," even if notice was not provided via mail.  *In re Cajun Co.*, No. 21-50174 (W.D. La. Bankr. Oct. 7, 2021) (ECF No. 215).

[11]   R. Doc. 124-2 at 16 (Exhibit C).

[12]   R. Docs. 55 & 124-2 at 12.

[13]   *In re Cajun Co.*, No. 21-50174 (W.D. La. Bankr. 2021) (ECF No. 95); R. Doc. 124-2 at 18 (Exhibit C).

[14]   *In re Cajun Co.*, No. 21-50174 (W.D. La. Bankr. Oct. 7, 2021) (ECF No. 215).

[15]   R. Doc. 124-3 at 89.

[16]   Doc. 124-2 at 18 (Exhibit C).

## II.  LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.  "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of

fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).  "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for

resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)). Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

## III. DISCUSSION

In order to qualify as a Chapter 11 bankruptcy creditor, any creditor "whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated" must file a proof of claim or interest by a bar date set by the bankruptcy court. Fed. R. Bankr. P. 3003(c)(2). A creditor who does not file a proof of claim before the bar date "shall not be treated as a creditor with respect to such claim for purposes of voting and distribution." *Id.*; *In re DLH Master Land Holdings, L.L.C.*, 464 F. App'x 316, 317 n.1 (5th Cir. 2012) (per curiam) (defining a "Bar Date" as "the date by which all creditors must file their proof of claim in order to be treated as a creditor"). But a creditor who fails to file a proof of claim before the bar date "can be barred for untimeliness only upon a showing that it received reasonable notice." *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 735 (5th Cir. 1995) (internal quotation omitted). Notice of a bankruptcy proceeding and relevant bar date is considered "reasonable" if it satisfies due-process requirements. *Id.* at 736. Due process requires notice that is "reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response." *Id.* at 735 (quoting

*Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989)).

Here, the bankruptcy court set the bar date for June 7, 2021.[17]   In addition to receiving notice of the Cajun bankruptcy from Cajun's "Notice of Suggestion of Bankruptcy"[18] filed in this proceeding, Cajun attaches to its motion records from the bankruptcy court[19] showing that plaintiff's counsel was mailed a notice of the bankruptcy petition.[20]   The bankruptcy court docket also shows that on April 28, 2021, plaintiff's counsel received by "electronic transmission" notice of the relevant bar date.[21]   Rule 2002(a)(7)

---

[17]   R. Doc. 124-6 at 1 (Exhibit E).

[18]   R. Doc. 55.

[19]   In addition to the records attached by defendant, the Court takes judicial notice of the docket of the Chapter 11 case in the Bankruptcy Court for the Western District of Louisiana.  *See* Fed. R. Evid. 201; *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (per curiam) (noting that a district court can take judicial notice of "a document filed in another court . . . to establish the fact of such litigation and related filings." (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) (per curiam)); *see also In re Base Holdings, LLC*, No. 9-34269, 2014 WL 895403, at *1 n.5 (N.D. Tex. Mar. 5, 2014) (taking judicial notice *sua sponte* of several documents from related bankruptcy court proceedings).

[20]   R. Doc. 124-2 at 12.

[21]   *In re Cajun Co.*, No. 21-50174 (W.D. La. Bankr. 2021) (ECF No. 95). The bankruptcy court ordered on April 1, 2021 that "electronic notice is deem[ed] proper notice in this proceeding under all applicable Bankruptcy Rules, Local Rules, and the Bankruptcy Code including Plan confirmation, to any party who entered an appearance on the Court's CM/ECF system or who is designed or shown by the Clerk of

requires that the debtor provide a creditor with notice of "the time fixed for filing proof of claims" at least twenty-one days before the bar date. Accordingly, plaintiff was given timely notice of the bar date.

Furthermore, the Court finds that this notice was reasonably calculated to inform plaintiff of the bar date, as a matter of due process. *See In re Sam*, 894 F.2d 778, 781-82 (5th Cir. 1990) (holding that plaintiff's attorney's receipt of the notice of automatic stay in plaintiff's case against debtor eighteen days before the bar date was sufficient notice that plaintiff's claim "was affected by [the] bankruptcy," and provided him with sufficient time "to inquire as to the bar date and file his complaint or a motion to extend the bar date"); *In re TEMSCO NC Inc.*, 537 B.R. 108, 124 (D.P.R. 2015) ("[T]he court finds that the [creditors] received reasonable notice of [debtor's] bankruptcy filing . . . and the deadline to file a proof of claim [after it] was noticed by electronic transmission by the Bankruptcy Noticing Center."). Moreover, given that plaintiff has not filed an opposition to Cajun's motion for summary judgment, the Court finds undisputed Cajun's statement in its motion that "Plaintiff received notice of the bankruptcy proceeding and bar date through, at least, the Petition for Chapter 11 Bankruptcy Protection . . . and Order for

---

this Court as receiving notice electronically." *In re Cajun Co.*, No. 21-50174 (W.D. La. Bankr. 2021) (ECF No. 21).

Notice of Final Date for Filings Proofs of Claim."[22]  *See Sanchez v. Anco Insulations, Inc.*, No. 20-2973, 2021 WL 1564575, at *3 (E.D. La. Apr. 21, 2021) (quoting *Morgan*, 114 F. Supp. 3d at 437).  For these reasons, the Court finds that plaintiff received reasonable notice of the deadline for filing a proof of claim.

Although plaintiff received notice of the bar date, she did not file a timely proof of claim in the bankruptcy proceeding by June 7.[23]  On October 7, 2021, the bankruptcy court confirmed the Chapter 11 plan of reorganization and thus discharged any pre-plan debtors except as provided by the plan.[24]  Accordingly, under the terms of the reorganization plan and 11 U.S.C. § 1141, plaintiff's claims have been discharged.  Therefore, her claims against Cajun in this action must be dismissed.  *See In re Sam*, 894 F.2d at 781-82 (affirming the dismissal of plaintiff's claims against defendant after plaintiff failed to file objections to the discharge of his claims before the bar date passed); *Salard v. Salard*, 781 F. Supp. 2d 363, 369 (W.D. La. 2011) (granting defendant's motion for summary judgment after finding that there was no genuine dispute of material fact that the creditors had "notice and

---

[22]   R. Doc. 124-1 at 4.

[23]   R. Doc. 124-6 at 2; *see also In re Cajun Co.*, No. 21-50174 (W.D. La. Bankr. 2021).

[24]   *In re Cajun Co.*, No. 21-50174 (W.D. La. Bankr. Oct. 7, 2021) (ECF No. 215).

actual knowledge of [debtor's] bankruptcy proceedings in sufficient time to object to the discharge of [their] claims"); *see also* 11 U.S.C. § 524(a)(3) (noting that a discharge "operates as an injunction against the commencement or continuation of an action . . . to collect or recover from . . . property of the debtor . . . ."). Accordingly, the Court grants Cajun's motion for summary judgment, and dismisses Cajun from this matter.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment. Plaintiff's claims against defendant Cajun are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this ___14th___ day of February, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE