UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LINDA CROSSLAND                                    CIVIL ACTION

VERSUS                                                    NO. 20-3470

HUNTINGTON INGALLS, INC., ET           SECTION "R" (2)
AL

## ORDER AND REASONS

Before the Court is defendant Burmaster Land and Development Co., LLC's ("Burmaster") unopposed motion for summary judgment.[1]  For the following reasons, the Court grants the motion.

## I.    BACKGROUND

This case arises from plaintiff's alleged exposure to asbestos.  Plaintiff contends that she was exposed to asbestos from several different sources. She asserts that during her childhood, Burmaster delivered asbestos-containing concrete to her home that was used for her driveway.[2]  Plaintiff alleges that during the 1950s and 1960s, her father, uncle, and "potentially others" inadvertently brought asbestos fibers into the family home from their

_____

[1]    R. Doc. 302.
[2]    R. Doc. 227 ¶ 4.

work at defendant Huntington Ingalls, Inc.'s ("Avondale") shipyards.[3]  She asserts that in the 1970s, her husband inadvertently carried asbestos fibers into her home from his work at Avondale's shipyards.[4]  Finally, she contends that during the 1970s, 1980s, and potentially the 1990s, her husband inadvertently carried asbestos fibers into her home from his work on various worksites when he was employed by Carl Woodward.[5]  She alleges that her exposure to asbestos dust caused her to develop mesothelioma, with which she was diagnosed in 2020.[6]

Plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans against dozens of employers, premises owners, contractors, suppliers, manufacturers, and professional vendors that were allegedly involved with her asbestos exposures.[7]  In her petition for damages, plaintiff alleged that defendants negligently failed to warn about the hazards of asbestos.[8]  She also brought premises liability claims against the

---

[3]     *Id.*

[4]     *Id.*

[5]     *Id.*  Plaintiff initially also brought claims based on exposures through her own work at Avondale and through asbestos fibers floating from Avondale into her neighborhood, but she voluntarily dismissed the claims premised on these theories.  R. Doc. 154.

[6]     R. Doc. 1-2 ¶ 8.

[7]     *Id.* ¶ 2.

[8]     R. Doc. 1-2 ¶ 12.

defendants she classifies as employers, premises owners, and contractors,[9] as well as products liability claims against the defendants she classifies as suppliers, manufacturers, and professional vendors.[10]

Defendants Avondale and Albert L. Bossier, an executive officer of Avondale, asserted crossclaims against numerous defendants, including Burmaster, in which they asserted that in the event they are deemed liable to plaintiff, they are entitled to virile share contributions.[11]  Avondale then removed the action to federal court.[12]

Burmaster now moves for summary judgment on the grounds that plaintiff has failed to identify any evidence that plaintiff was exposed to asbestos as a result of Burmaster's activities.[13]  After Burmaster filed its motion, plaintiff moved for leave to join Burmaster's motion,[14] and Avondale voluntarily dismissed its crossclaim against Burmaster.[15] Burmaster's motion is thus unopposed.  The Court considers the motion below.

---

[9]   *Id.* ¶¶ 16-20.

[10]  *Id.* ¶¶ 21-22.

[11]  On February 1, 2023, the Court dismissed Bossier's crossclaims pursuant to Fed. R. Civ. P. 25(a)(1) because Bossier died and no party timely moved for substitution.  R. Doc. 333 at 7.

[12]  R. Doc. 1.

[13]  R. Doc. 302.

[14]  R. Doc. 312.

[15]  R. Doc. 321.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.  "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)). Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

## III.   DISCUSSION

Under Louisiana law, in an asbestos exposure case, a claimant must show that (1) "he had significant exposure to the product complained of," and that (2) the exposure to the product "was a substantial factor in bringing

about his injury." *Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1091 (La. 2009) (quoting *Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 948 (La. App. 4 Cir. 1998)).   The plaintiff bears the burden of proof on both elements. *Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 4 Cir. 2004).

When there are multiple causes of injury, "a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm." *Adams v. Owens-Corning Fiberglas Corp.*, 923 So. 2d 118, 122 (La. App. 1 Cir. 2005) (citing *Vodanovich*, 969 So. 2d at 932).   "Because there is a medically demonstrated causal relationship between asbestos exposure and mesothelioma, every non-trivial exposure to asbestos contributes to and constitutes a cause of mesothelioma." *Labarre v. Bienville Auto Parts, Inc.*, No. 21-89, 2022 WL 293250, at *3 (E.D. La. Feb. 1, 2022) (citing *McAskill v. Am. Marine Holding Co.*, 9 So. 3d 264, 268 (La. App. 4 Cir. 2009)).   Thus, as the Fifth Circuit has explained, "[e]ven if the plaintiff was only exposed to asbestos for a 'short period for an employer[,] and he had longer exposure working for others, it cannot be said the relatively short asbestos exposure was not a substantial factor in causing his mesothelioma.'" *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022) (quoting *Rando*, 16 So. 3d at 1091).   To defeat an asbestos defendant's motion for summary judgment, a

claimant "need only show that a reasonable jury could conclude that it is more likely than not that [plaintiff] inhaled defendant's asbestos fibers.'" *Id.* at 512 (citing *Held v. Avondale Indus., Inc.*, 672 So. 2d 1106, 1109 (La. App. 4 Cir. 1996)).

No such showing has been made here.  Plaintiff alleged in her complaint that Burmaster delivered asbestos scrap to her family home that was used to construct her driveway, but Burmaster contends, and plaintiff does not dispute, that this allegation is unsupported by any evidence.[16] Specifically, Burmaster contends that there is no evidence that plaintiff was exposed to asbestos scrap, nor is there any evidence that Burmaster ever delivered asbestos scrap to her home.[17]  Neither plaintiff nor her husband identified Burmaster as a source of asbestos exposure in their depositions, nor did plaintiff's or Avondale's experts implicate Burmaster in their causation reports.

Burmaster contends that it broke down and buried asbestos-containing pipe in a lot adjacent to a Johns-Manville plant roughly four miles from plaintiff's home, but plaintiff does not allege that she was exposed to asbestos through this activity.[18]  Further, Burmaster's expert opined, and

---

[16]     R. Doc. 302-1 at 5.
[17]     *Id.*
[18]     *Id.* at 10.

plaintiff does not contest, that this activity was performed too far from plaintiff's home for her to be exposed to a quantity of asbestos fibers capable of being a substantial contributing cause of her mesothelioma.[19]

Because plaintiff has not identified any evidence that she had any exposure, much less "significant exposure," *Rando*, 16 So. 3d at 1091, to asbestos fibers resulting from Burmaster's activities, she cannot meet her burden of demonstrating that its conduct was a "substantial factor generating [her] harm," *Adams*, 923 So. 2d at 122.  The Court thus grants Burmaster's motion for summary judgment.

## IV.   CONCLUSION

For the foregoing reasons, Burmaster's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this __17th__ day of February, 2023.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[19]    R. Doc. 302-23 at 8.